J. A17039/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
RASHEEN GRAYSON, : No. 3320 EDA 2019
:
Appellant :


Appeal from the Order Entered October 30, 2019,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002674-2014


BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          Filed: August 25, 2020

Rasheen Grayson appeals from the October 30, 2019 order, entered in the Court of Common Pleas of Delaware County, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Following a jury trial, appellant was convicted of possession with intent to deliver a controlled substance.[2]  Appellant was sentenced to 6-12 years' imprisonment.  Appellant filed a direct appeal challenging the sufficiency of the evidence, after rejecting a plea bargain which would have granted him a sentence of 2½-5 years' imprisonment.  This court affirmed the judgment of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 Pa.C.S.A. § 780–113(a)(30).

sentence. *See Commonwealth v. Grayson*, 2016 WL 417400 (Pa.Super. Feb. 2, 2016), *appeal denied*, 140 A.3d 11 (Pa. 2016).

On November 23, 2016, appellant filed *pro se* the instant PCRA petition. PCRA counsel was appointed. The PCRA court sent notice of its intent to dismiss appellant's petition without a hearing on April 24, 2018. Appellant filed an objection. Appellant's PCRA petition was dismissed on July 9, 2018.

Appellant filed a timely notice of appeal and a Rule 1925(b) statement, alleging that the PCRA court erred in dismissing his petition without an evidentiary hearing. On appeal, this court remanded with instructions to hold a limited evidentiary hearing, at which appellant's trial counsel could testify about the circumstances surrounding appellant's rejection of the Commonwealth's plea deal. *See Commonwealth v. Grayson*, 213 A.3d 1047 (Pa.Super. 2019).[3]

The PCRA court held an evidentiary hearing on October 10, 2019, wherein appellant's trial counsel testified as to her representation of appellant.[4] As found by the PCRA court:

> . . . [trial counsel] testified that she has been an attorney for a total of nineteen years, eighteen of which she has spent employed as an Assistant Public Defender at the Delaware County Office of the Public Defender. [She] testified that her entire area of practice is criminal law. In her time as a Public Defender, [she] has negotiated hundreds of pleas on

---

[3] This court affirmed the legality of the sentence.

[4] Appellant also testified.

behalf of criminal defendants and has conducted approximately 100 trials, bench and jury combined.

In regard to appellant, [trial counsel] testified that she received an offer from the Commonwealth at the pre-trial conference of 30-to-60 months in exchange for [a]ppellant pleading guilty to the PWID charge. In conjunction with her standard practice, [trial counsel] testified that she went downstairs to the holding cells and communicated that offer to [a]ppellant. In addition, she explained the concept of sentencing guidelines, including what the mitigated, standard, and aggravated range meant as well as the difference between misdemeanor and felony charges and their degrees.

As she tells all of her clients, [trial counsel] told [a]ppellant that it was his decision if he wanted to proceed to trial or to accept the offer. However, she did advise [a]ppellant that she had not received full discovery yet and that it would be a good idea to wait until that was complete before making that decision. Appellant agreed that he wanted time for [trial counsel] to receive full discovery. Pursuant to her usual course of practice, [trial counsel] advised the ADA that [a]ppellant would not be accepting the offer that day; however, asked that the offer remain open and requested that a trial date be selected. The case was listed . . . for April 12, 2014.

At [that time, trial counsel] informed th[e PCRA c]ourt that she had extensive conversations with [a]ppellant in regard to his options to accept the plea or go to trial. [Trial counsel] testified that she specifically remembers going out to the prison to visit [a]ppellant and review the guidelines; most particularly that the mandatory minimums that would have been applicable to [a]ppellant were most likely going to be deemed unconstitutional. [Trial counsel] testified that she explained to [a]ppellant the difference between a mandatory minimum and a maximum sentence using the physical sentencing guideline sheet specific to [a]ppellant[] and the charges he was facing. In addition, [trial counsel] pointed out the difference

> between a mitigated sentence, standard range sentence, and an aggravated range sentence, which was 42 months here. [She] also was aware that [a]ppellant had an extensive criminal history, one of the longer criminal histories she had ever seen.
>
> When asked if she told [a]ppellant to reject the plea and go to trial because, at most, he would only be facing three years, [trial counsel] testified that she does not recall ever telling [a]ppellant that, and, that it would be out of her habit and routine practice to so do. In her years of practice, [she] has been asked by numerous clients if they should take the plea or go to trial, and her answer is always that the decision is theirs to make, and that trials can be 50/50, there is no magic eight ball to use to predict the outcome. A conversation [trial counsel] would have, and also did have with [a]ppellant, was what potential trial strategies would be, if there were any witnesses they could call, and what the possible arguments would be from the prosecution.
>
> On cross, [trial counsel] agreed that she personally did not put the statutory minimum and maximums on the record but recalls speaking to [a]ppellant about them.

PCRA court opinion, 12/11/19 at unnumbered 7-9 (citations to notes of testimony omitted).

The PCRA court denied appellant's PCRA petition on October 30, 2019. Appellant timely appealed. On November 14, 2019, the PCRA court ordered appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises the following issue:

> Whether the PCRA Court erred in denying [a]ppellant's [a]mended [p]etition where the record clearly showed that trial counsel was ineffective in advising [a]ppellant regarding the plea offer of 2½ to 5 years (30 to 60 months) where trial counsel failed to properly advise [a]ppellant regarding his maximum sentence exposure of 20 years (240 months) if found guilty, such that [a]ppellant believed, based on trial counsel's ineffective advice, that if found guilty he could only be sentenced to 3 to 6 years (36 to 72 months), and based on that incorrect advice, [a]ppellant rejected the plea offer of 2½ to 5 years (30 to 60 months), which [a]ppellant would have accepted if he had been effectively advised regarding his maximum sentence exposure such that [a]ppellant was prejudiced by counsel's ineffectiveness in violation of *Lafler v. Cooper*, 132 S.Ct. 1376 (2012)?

Appellant's brief at 4 (bolding and italics added).

When reviewing the propriety of an order denying PCRA relief, this court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa.Super. 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014). If appellant raises a question of law, our standard of review is *de novo* and our scope of review is plenary. This court "may affirm a PCRA court's decision on any grounds if the record supports it." *See Commonwealth v. Rigg*, 84 A.3d 1080 (Pa.Super. 2014) (citation omitted).

Regarding the effectiveness of counsel,

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must

> establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa.Super. 2015), citing

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2009).  Further, "[t]rial

counsel is presumed to be effective, and a PCRA petitioner bears the burden

of pleading and proving each of the three factors by a preponderance of the

evidence."  *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa.Super.

2015) (citation omitted), *appeal denied*, 141 A.3d 479 (Pa. 2016).

Here, appellant acknowledges there was a plea offer of 2½ to 5 years'

incarceration which was relayed to him by trial counsel.  However, appellant

argues that

> trial counsel failed to properly advise him regarding his maximum exposure at sentencing such that [a]ppellant believed that if he were found guilty he would only receive a sentence of 3 to 6 years' . . .  As a result of trial counsel's failure to properly advise him of his maximum exposure, [a]ppellant [maintains he] rejected the plea offer, which he would have taken if he had been properly advise[d].  Appellant [claims he] was prejudiced by trial counsel's failure when he was sentenced to . . . 6 to 12 year['s incarceration] followed by 3 years of probation.

Appellant's brief at 13.

After reviewing the testimony of appellant and trial counsel, the PCRA

court made the following findings:

- 6 -

> Based upon the evidence presented at the hearing, [the PCRA c]ourt does not find that [a]ppellant has proved, by a preponderance of the evidence, that (1) the claim has arguable merit, (2) counsel's action or inaction was not based upon a reasonable trial strategy and (3) [a]ppellant suffered prejudice because of counsel's act or omission. [The PCRA c]ourt finds the testimony of [trial counsel] to be credible. [Trial counsel] has spent the last nineteen years practicing criminal law, specifically at the trial level, working with sentence guidelines on a regular basis. It is her common practice and routine to lay out the options for a defendant but never to advise them as to whether or not they should accept a plea offer or go to trial. Furthermore, the maximum sentence and minimum sentences are clearly written on the sentencing guideline form, which by [a]ppellant's own admission, [trial counsel] reviewed with him. In addition, [the PCRA c]ourt finds it incredible that [a]ppellant was so "shocked" by his sentence yet the claim was never raised prior. Appellant has been committing criminal offenses for the better part of twenty years yet professes to have never heard about a maximum sentence,[5] entirely implausible to this Court. In addition, [trial counsel] explained that she told [a]ppellant on the pretrial conference date that she did not have all of the discovery yet, so it would be best to wait and made an educated decision, which matches the record, yet [a]ppellant's rendition was that [trial counsel] came down and told him right away to go to trial and that she would of [sic] back upstairs and get a date to select a jury.

PCRA court opinion, 12/11/19 at unnumbered 12.[6]

---

[5] Appellant's actual words were that he had never heard of a "statutory limit." (Notes of testimony, 10/10/19 at 18.)

[6] We note that the PCRA court's order stated that after review, it found "that counsel's representation of [p]etitioner was not ineffective. Counsel took careful time with [p]etitioner to explain his options and the pros and cons of either decision." (PCRA court order, 10/30/19 at n.2.)

After a review of the certified record and the testimony given at the PCRA hearing, we find the aforementioned findings and conclusions of the PCRA court were supported by the record.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20